40 F.3d 1250
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James NANCE, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 94-3093.
 United States Court of Appeals, Federal Circuit.
 Oct. 21, 1994.
 
 Before NEWMAN, PLAGER, and LOURIE, Circuit Judges.
 LOURIE, Circuit Judge.
 
 DECISION
 
 1
 James Nance petitions for review of the final decision of the Merit Systems Protection Board, Docket No. SFO752930308-I-1, dismissing his appeal for lack of jurisdiction. Because the board did not err in determining that it lacked jurisdiction, we affirm.
 
 DISCUSSION
 
 2
 Beginning in 1989, Nance was employed as an Able Seaman with the Department of the Navy (the "agency"). In November 1991, Nance tested positive for cocaine use. Nance denied that he used the drug, but, based on the test results, the agency proposed to remove Nance.
 
 
 3
 On January 17, 1992, the agency's Employee Relations Specialist, June Garringer, informed Nance that he was subject to removal after a hearing and that he would be entitled either to appeal such a removal to the board or to file a grievance. Garringer further informed Nance that if he voluntarily resigned without a hearing, he would obtain a "clean SF-50" personnel action form* and could reapply for a position with the agency at a later date. Nance chose to resign.
 
 
 4
 Shortly after his resignation, Nance reapplied to the agency for the same position he had previously held. In his application, Nance indicated that he had previously tested positive for cocaine. The medical department rejected his application solely on the basis of his admission of the positive drug test.
 
 
 5
 On February 23, 1993, Nance appealed to the board. Nance argued that his resignation was not voluntary, but was a result of agency misinformation and deception. Thus, he asserted that the board had jurisdiction to review his separation from the agency. See Covington v. Department of Health & Human Servs., 750 F.2d 937 (Fed.Cir.1984) (board has jurisdiction if employee's retirement was involuntarily obtained due to agency misinformation). Specifically, Nance alleged that the agency told him that if he resigned, there would be nothing in his records indicating the positive drug test and he could reapply for employment with the agency in the future. Further, Nance alleged that a reasonable person would interpret the agency's statements to mean that, when he reapplied, the agency would not reject him because of the prior positive drug test.
 
 
 6
 The AJ discredited Nance's allegation that the agency promised him a "clean record." Rather, the AJ found credible Garringer's statement that the agency actually told Nance that if he voluntarily resigned, he would have a "clean SF-50," not a clean record. The AJ also found that Nance's interpretation of the agency's statements was unreasonable and that the agency did not misinform or deceive him. Thus, the AJ held that Nance voluntarily resigned and the board lacked jurisdiction over his appeal. The AJ's initial decision became the final decision of the board when the board denied Nance's petition for review.
 
 
 7
 Our review of the board's decision is limited to whether the decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). Nance argues that the board erred in finding that a reasonable person would not have been misled by the agency's statements. Further, Nance argues that the board erred in finding that the agency provided him with the information and options necessary to make an informed decision whether or not to resign. Therefore, Nance argues that his resignation was involuntary. We disagree.
 
 
 8
 Resignation from federal employment is generally presumed to be a voluntary action and thus not appealable to the board. Latham v. United States Postal Serv., 909 F.2d 500, 502 (Fed.Cir.1990). A resignation will be found involuntary, however, when it is the result of agency action constituting misrepresentation or deception. Scharf v. Department of Air Force, 710 F.2d 1572, 1574 (Fed.Cir.1983). An employee asserting that a resignation was involuntary must show that a reasonable person would have been misled by the agency's statements. Id. at 1575. The key question in such an analysis is whether the employee was provided with the information which was necessary to enable him to make an "informed choice." Covington, 750 F.2d at 942.
 
 
 9
 Here, the board found that Nance's belief that the agency would not consider the failed drug test when he reapplied was unreasonable and thus that he was not misled. Substantial evidence supports the board's finding that a reasonable person would not have interpreted the agency's statements to mean that Nance could resign and then reapply for the same job without any consequences. In particular, the board cited the agency's long-time policy against identified drug users. In light of this policy, no reasonable employee could have believed that the agency would agree to such an evasion of its policy.
 
 
 10
 The board also found that Nance could not have reasonably believed that he could avoid the consequences of the positive drug test. Nance testified that he was well aware of the agency policy against employing drug users, that he had no doubt he would have been removed if he had not resigned, and that he had never heard of the agency reemploying former drug users. Despite his later allegations that he was misled, it is clear that the agency provided him with exactly what it promised--a "clean SF-50" and the opportunity to reapply for a job with the agency in the future.
 
 
 11
 The board's credibility determinations and factual findings support its holding that Nance was fully informed of his options before resigning. Garringer testified that she presented Nance with two options: to resign voluntarily or to challenge the charges and, if the charges were sustained, appeal to the board or file a grievance. The board discredited Nance's statements to the contrary and found Garringer's testimony to be credible. Nance's testimony supports the board's determination that he understood the significance of a "clean SF-50" if he reapplied for a job with the agency. The board properly found that Nance had the information which was necessary to make an informed decision to resign.
 
 
 12
 Nance has not established that the board erred in determining that his resignation was voluntary. Thus, the board properly dismissed Nance's appeal for lack of jurisdiction.
 
 
 13
 PAULINE NEWMAN, Circuit Judge, concurs in result.
 
 
 
 *
 The SF-50 ("Standard Form-50") is used by an agency's personnel department to provide notification of a personnel action. In this case, a "clean SF-50" provided Nance with a personnel record which indicated that he voluntarily resigned. It did not include any information about the notice of proposed removal or the reason for it